FILED

**NOT FOR PUBLICATION**

DEC 4 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VANCE EDWARD JOHNSON, | No. 13-16922 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02522-WBS-KJN |
| v. | |
| R. JANZEN, Lt., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted November 18, 2014[**]

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Vance Edward Johnson, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging an

access-to-courts claim. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo cross motions for summary judgment, *Guatay Christian Fellowship v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment for defendant because Johnson failed to raise a genuine dispute of material fact as to whether defendant caused an actual injury to a non-frivolous claim. *See Christopher v. Harbury*, 536 U.S. 403, 414 (2002) ("The official acts claimed to have denied access [to the courts]" must have "caused the loss [] of a meritorious case."); *Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (setting forth the elements of an access-to-courts claim). Moreover, summary judgment for defendant was proper even taking into account the full eight days preceding Johnson's deadline for filing a petition for writ of certiorari in his habeas proceeding.

**AFFIRMED**.